
## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROBERT PATTON RYAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>MYROSLAVA OLEKSANDRIVNA<br>DEMCHENKO,<br><br>                    Defendant. | DOMESTIC CASE NO. DM 0160-14<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 18th day of July, 2014, for hearing on the Plaintiff's Motion for Order for Publication for Summons. Attorney Ladd A. Bauman represented the Plaintiff, and the Defendant has not yet been served nor made an appearance. For the reasons set forth below, the Plaintiff's Motion for Order for Publication of Summons is GRANTED.

### BACKGROUND

The Plaintiff Robert Patton Ryan filed a Verified Complaint for Divorce on March 18, 2014. The same day he also filed a Motion for Order for Publication of Summons. This motion was denied on March 31, and an errata order was later issued by the Court on April 2. On May 14, the Plaintiff filed a new Order for Publication of Summons and CVR 7.1 Form 1. A hearing

was scheduled for June 27, but was continued to July 18. On July 8, the Plaintiff filed an Amended Declaration in support of the motion.

## DISCUSSION

The Plaintiff is a resident of Guam. Pl.'s Compl. 2. In his complaint, the Plaintiff pleads for dissolution of marriage on the basis of irreconcilable differences, and for division of community property and debt. Pl.'s Compl. 2-3. However, the Plaintiff has subsequently only sought dissolution of marital status. See Proposed Order for Publication of Summons, May 14, 2014. The Superior Court has original jurisdiction over divorce actions filed in Guam. 7 GCA § 3105 (2005). Its jurisdiction may be exercised over non-resident defendants to any extent not prohibited by the Organic Act of Guam or the Constitution of the United States. 7 GCA § 14109 (2005). A divorce may be granted if one of the parties has been a resident of Guam for at least ninety days immediately preceding the filing of the complaint. 19 GCA § 8318 (2005). Even if the Superior Court lacks personal jurisdiction over the defendant, it may exercise jurisdiction over the res of marital status, so long as it has personal jurisdiction over the plaintiff and thus the plaintiff's marital status. See Speicher v. Speicher, 2013 Guam 11 ¶¶ 9, 16-17, 24. This is due to the doctrine of divisible divorce, wherein a jurisdiction's court may not act as a forum for litigation over property interests located outside of that jurisdiction without personal jurisdiction over the defendant, but the court's adjudications of marital status are still due full faith and credit. Id. at 16. As the Plaintiff now only seeks dissolution of marital status, an analysis of whether the Defendant has the minimum contacts requisite for the Superior Court of Guam to exercise personal jurisdiction over her is not necessary. See PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 17 (citing Int'l Shoe Co. v. Washington, 66 S.Ct. 154, 158 (1945)).

Summons is governed by Rule 4 of the Guam Rules of Civil Procedure. GRCP 4. While service abroad is effectuated under the provisions of Rule 4(f), service in Guam or other jurisdictions of the United States may be effected in any manner prescribed and authorized by any law of Guam. GRCP 4(e), (f). The Guam statute governing summons by publication, 7 GCA § 14106, reads, in relevant part, as follows:

> (a) Where the person on whom service is to be made has departed from Guam, and cannot, after due diligence, be found in Guam, or conceals himself to avoid the service of summons . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof, and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made . . . such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons.

7 GCA § 14106 (2005).

The Plaintiff's first motion for summons by publication was denied on March 31, on grounds that the Verified Complaint declared that the Defendant, Myroslava Oleksandrivna Demchenko, was a resident of Ukraine whose last known address was in Ukraine. The Court ruled that the Defendant must be served process in accordance with the procedures prescribed by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, because she was a resident of a foreign country that was party to the Hague Convention, with a known address in that foreign country. Decision and Order 20, Mar. 31, 2014. The Court also ruled that the Plaintiff did not meet the requirements of § 14106, having not met the due diligence obligation to provide personal service to the Defendant before seeking substituted service. See Decision and Order 15-19, Mar. 31, 2014. The Court contrasted the facts, as it then understood them, with different circumstances:

> In accordance with the language of the statute, service by publication and mailing under 7 GCA § 14106 is only available as an option of last resort, when a

defendant has fled Guam or is hiding somewhere to avoid service, and the plaintiff has exercised due diligence, but has been unable to locate and personally serve the defendant due to the defendant's evasion.

Id.

However, the Plaintiff's amended declaration, and the hearing on July 18, have brought new information to the Court's attention. The declaration states that the Defendant is actually a legal permanent resident of the United States, who came to the United States after declaring, to the United States Consul, her intent to marry the plaintiff and reside on Guam with her minor son. Pl.'s Amend. Decl. 2, Jul. 7, 2014. Upon moving to Guam and marrying the Plaintiff, she filled out an I-485 petition, and in so doing again declared her residence to be Guam. Id.

In March, 2014, upon learning of the Plaintiff's intention to file for divorce, the Defendant left Guam with her son, and ceased communication with the Plaintiff. R. Log, Jul. 18, 2014. However, she later returned to Guam in June and filed for a re-entry permit for her son, to preserve his United States permanent residence, on June 16. Pl.'s Amend. Decl. 2, Jul.7, 2014. The Plaintiff learned this because the Defendant broke her previous silence and called him. R. Log, Jul. 18, 2014. She then left Guam again, having been informed of the divorce action. Pl.'s Amend. Decl. 2, Jul.7, 2014.

The new information provided to the Court changes the proper application of the law. The Defendant's status as a legal permanent resident of the United States, who has repeatedly declared an intention to reside permanently in the United States and even during the pendency of this action has returned to Guam, taking action to preserve her son's United States legal permanent residency, convinces the Court that application of Guam Rule of Civil Procedure 4(e) is appropriate, rather than 4(f). Thus, service may be accomplished in any manner prescribed or authorized by any law of Guam. GRCP 4(e). The relevant law is 7 GCA § 14106,

Guam's statute governing summons by publication. 7 GCA § 14106 (2005). The Plaintiff has now informed the Court that the Defendant departed from Guam upon learning of her husband's plan to divorce her, almost completely ceased communications with the Plaintiff, returned to Guam by stealth, and departed a second time after she was told of the pendency of the divorce action. Pl.'s Amend. Decl. 2, Jul.7, 2014; R. Log, Jul. 18, 2014. These facts convince the Court that the Defendant has both departed from Guam and is concealing herself to avoid service. Furthermore, imposing any additional requirement that the Plaintiff to attempt serve her personally would prove fruitless. In these circumstances, the Court waives the ordinary requirement of the Plaintiff to attempt to serve the Defendant personally before receiving substituted service by publication.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the Plaintiff's Motion for Order of Service by Publication.

**IT IS SO ORDERED** this day of _____ JUL 2 8 2014 _____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy the original hereto was placed in the court box of:

S. BLACK +

DMR

Date: 7/24/14  Time: 12:45pm

Deputy Clerk, Superior Court of Guam